UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM HAMILTON,

                              **Plaintiff,**

                  v.                              3:09-CV-1199
                                                                  (FJS/VEB)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,[1]

                              **Defendant.**
_____

**APPEARANCES**                            **OF COUNSEL**

**LACHMAN & GORTON**             **PETER A. GORTON, ESQ.**
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY**               **ELIZABETH ROTHSTEIN, ESQ.**
**ADMINISTRATION, OFFICE**     **ELLEN E. SOVERN, ESQ.**
**OF REGIONAL GENERAL**       **MARIA P. FRAGASSI SANTANGELO, ESQ.**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

# ORDER

       In October 2006, Plaintiff applied for disability and disability insurance benefits under the Social Security Act. Plaintiff alleged that he had been unable to work since September 2006 due to various physical impairments. Defendant initially denied Plaintiff's application, and Plaintiff

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013.

requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Elizabeth Koennecke held a hearing on April 29, 2009, at which, Plaintiff, represented by counsel, appeared and testified. *See* Administrative Record ("AR") at 25-54. On July 31, 2009, the ALJ issued a written decision finding that Plaintiff was not disabled as defined under the Social Security Act. *See id.* at 7-15. The ALJ's decision became Defendant's final decision on October 2, 2009, when the Appeals Council denied Plaintiff's request for review. *See id.* at 103.

On October 26, 2009, Plaintiff timely filed this action, seeking judicial review of Defendant's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *See* Dkt. No. 1. Defendant interposed an answer on February 9, 2010. *See* Dkt. No. 8. Plaintiff filed a brief in support of his complaint on June 30, 2010, *see* Dkt. No. 13; and Defendant filed a brief in opposition on September 17, 2010, *see* Dkt. No. 16. Pursuant to General Order 18, Magistrate Judge Bianchini proceeded as if both parties had accompanied their briefs with a motion for judgment on the pleadings. *See* General Order 18.

On March 29, 2012, Magistrate Judge Bianchini issued a Report and Recommendation, in which he recommended that the Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, reverse Defendant's decision and remand the case to Defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with his Report and Recommendation. *See* Dkt. No. 19 at 19. Defendant filed objections to those recommendations. *See* Dkt. No. 21. Plaintiff filed a response to those objections. *See* Dkt. No. 22.

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify the recommendations therein. *See* 28 U.S.C. § 636(b)(1). The

court conducts a *de novo* review of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).  Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error.  *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has reviewed Magistrate Judge Bianchini's recommendations *de novo* in light of Defendant's objections.  Having completed that review, the Court concludes that, for the reasons that Magistrate Judge Bianchini stated, remand is appropriate.  Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's March 29, 2012 Report and Recommendation is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's decision denying benefits is **REVERSED**; and the Court further

**ORDERS** that this matter is **REMANDED** for further proceedings in accordance with

Magistrate Judge Bianchini's Report and Recommendation pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: March 12, 2013
       Syracuse, New York

                                Frederick J. Scullin, Jr.
                                Senior United States District Court Judge